# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1515

_____

June M. Grass; Donald R. Grass,      *
                                                *

        Plaintiffs-Appellants,     *

                                                *

     v.                           *

                                                *  Appeal from the United States

David S. Field, M.D.; Westside       *  District Court for the Northern

Orthopaedics & Neurology Clinic,   *  District of Iowa.

P.C.;                                        *

                                                *     [UNPUBLISHED]

        Defendants-Appellees,     *

                                                *

The Finley Hospital,            *

                                                *

        Defendant.            *

_____

Submitted: August 21, 2001

Filed:  August 27, 2001
_____

Before ROSS, FAGG, and BEAM, Circuit Judges.
_____

PER CURIAM.

June M. Grass sought treatment from Dr. David S. Field for pain in her right wrist and index finger.  After medication failed to alleviate the pain, Dr. Field recommended surgery.  Grass was hesitant about the recommended procedure, but

decided to have surgery because Dr. Field represented it was the "way to go" to eliminate her pain and assured her that she would lose little flexion in her wrist and finger. Unfortunately, the surgery left all of the fingers on Grass's right hand stiff and painful.

Grass and her husband, Donald R. Grass, sued Dr. Field, the Westside Orthopaedics & Neurology Clinic, and The Finley Hospital for negligence, breach of express warranty, failure to obtain informed consent, and res ipsa loquitur, requesting damages for, among other things, lack of consortium. The district court,[*] sitting in diversity, granted defendants' motion for summary judgment for the negligence, informed consent and res ipsa loquitur claims because the Grasses did not produce a medical expert to support their claims within the time permitted by Iowa law. The suit against The Finley Hospital was dismissed by consent of the parties. The court then granted defendants' second motion for summary judgment on the breach of express warranty claim and loss of consortium damages issue. The Grasses appeal this second grant of summary judgment. Having reviewed the record de novo and interpreted the facts in the light most favorable to the Grasses, we agree there are no genuine issues of material fact; thus, summary judgment was proper. See Riedl v. Gen. Am. Life Ins. Co., 248 F.3d 753, 756 (8th Cir. 2001).

According to Iowa law, although no warranty is generally implied when a physician provides services to a patient, it is possible for a physician to bind himself to provide a specific cure or result. See Perin v. Hayne, 210 N.W.2d 609, 615-16 (Iowa 1973). Grass contends Dr. Field provided an express warranty when he "led [her] to believe" the recommended surgery would eliminate her pain while minimally reducing flexion in her wrist and finger. Additionally, the Grasses argue other jurisdictions have permitted recovery for breach of express warranty based on "clear

---

[*]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa.

proof" of physician assurances. <u>See, e.g.</u>, <u>Scarzella v. Saxon</u>, 436 A.2d 358, 362 (D.C. Cir. 1981); <u>Sullivan v. O'Connor</u>, 296 N.E.2d 183, 186 (Mass. 1973). We find no clear proof of express warranty here. Instead, we agree with the district court that Grass understood Dr. Field's recommendation was an opinion, not a guarantee. In fact, before surgery Grass signed a consent form acknowledging that "no guarantees have been made . . . regarding the results of the examination or treatments." In Grass's own words, Dr. Field "convinced" her to have surgery based on his "assurances" and "representations." Therapeutic reassurances, however, do not rise to the level of warranties. <u>Perin</u>, 210 N.W.2d at 616 (holding testimony that physician left "no doubt" in patient's mind and expressed only assurances insufficient to present a material question of whether physician expressly warranted result). Because Dr. Field did not expressly guarantee the success of the surgery, there was no breach of contract. Consequently, the Grasses' claim for damages, including loss of consortium, also fails.

Finding no genuine issue of material fact in controversy, we thus affirm the grant of summary judgment. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-